429 F.Supp.2d 1381 (2006)
In re PROFILER PRODUCTS LIABILITY LITIGATION
Silas Mercer, et al.
v.
D-M-E Co., et al., S.D. Illinois, C.A. No. 3:05-415
Michael P. Shaw, et al.
v.
D-M-E Co., et al., W.D. Kentucky, C.A. No. 4:05-88
Steven F. Maine, et al.
v.
D-M-E CO., et al., E.D. Missouri, C.A. No. 4:05-1151
No. MDL 1748.
Judicial Panel on Multidistrict Litigation.
April 24, 2006.
Before WM. TERRELL HODGES,[*] Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

TRANSFER ORDER
JOHN F. KEENAN, Acting Chairman.
This litigation currently consists of three actions pending respectively in the Southern District of Illinois, the Western District of Kentucky and the Eastern District of Missouri. Defendant D-M-E Co. (D-M-E) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Illinois or, in the alternative, the Eastern District of Michigan. D-M-E's motion is joined by the third-party defendants[1] in all actions. Plaintiffs consent to centralization and prefer transfer to the Eastern District of Missouri.
On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs in these actions seek damages for personal injuries and economic losses allegedly stemming from their use of D-M-E's air and/or electric driven reciprocating hand tools known as "profilers," which are used for injection molding operations to polish or finish mold-base surfaces. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pre-trial *1382 rulings, and conserve the resources of the parties, their counsel and the judiciary.
We are persuaded that the Southern District of Illinois is an appropriate transferee forum for this litigation. The Southern District of Illinois i) enjoys the support of all defendants, including the third-party defendants; and ii) is the location where a sizeable number of plaintiffs have chosen to file their claims.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Southern District of Illinois are transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable G. Patrick Murphy for coordinated or consolidated pretrial proceedings with the action pending in that district.
NOTES
[*] Judge Hodges took no part in the decision of this matter.
[1] The Fairchild Corp. and RHI Holdings, Inc.